**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN CIVIL LIBERTIES          )
UNION, et al.,                    )
      Plaintiffs,                )
                                  )
    v.                            )
                                  )  Case No. 1:16-cv-221 (CKK)
UNITED STATES DEPARTMENT          )
OF HOMELAND SECURITY, et al.,     )
                                  )
    Defendants.                   )
_____)

## ANSWER

     Defendants United States Department of Homeland Security, United States Department

of Justice, Federal Bureau of Investigation, Office of the Director of National Intelligence,

United States Department of State, United States Department of Health and Human Services, and

United States Department of Education ("Defendants"), through their undersigned attorneys,

hereby answers the numbered paragraphs of the Complaint ("Complaint") filed by Plaintiffs

American Civil Liberties Union and American Civil Liberties Union Foundation ("Plaintiffs") as

follows:

     1.     The allegations in this paragraph constitute Plaintiffs' characterization of this

action, and therefore require no response.  To the extent a response is required, Defendants deny

the allegations in this paragraph.[1]

---

[1] For simplicity, in this answer, Defendants provide a collective response to each paragraph in the Complaint.  That means that Defendants admit or deny an allegation when one or more of them has knowledge or information sufficient to form a belief as to that allegation.  Such a response does not mean that all Defendants necessarily have such knowledge or information. Where Defendants deny knowledge or information sufficient to form a belief as to an allegation, it means that no Defendant has such knowledge or information.

2.      The first sentence of this paragraph contains Plaintiffs' characterization of President Obama's 2011 Strategic Implementation Plan for Empowering Local Partners to Prevent Violent Extremism in the United States.  Defendants respectfully refer the Court to that document for a true and complete statement of its contents.  Defendants deny any allegations in the first sentence to the extent they are inconsistent with that document.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of the Countering Violent Extremism ("CVE") initiative, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations.

3.      This paragraph contains Plaintiffs' characterizations of the CVE initiative, to which no response is required.  This paragraph also fails to aver facts in support of any cause of action pled in the Complaint, and therefore requires no response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

4.      This paragraph contains Plaintiffs' characterizations of the CVE initiative and conclusions of law, to which no response is required.  The paragraph also fails to aver facts in support of any cause of action pled in the Complaint, and therefore requires no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence that the FOIA request was sent on May 13, 2015. Defendants admit receiving a FOIA request dated May 13, 2015 concerning the CVE initiative.[2]

---

[2] Defendant Department of Justice admits receiving the FOIA request only insofar as Defendant Federal Bureau of Investigation received the FOIA request.  Defendants respectfully refer the Court to paragraph 34 *infra*.  Defendants aver that JMD/MRU, who Plaintiffs sent the request to on behalf of the Department of Justice, has no record of the request.

Defendants admit that the FOIA request dated May 13, 2015 sought expedited processing and a waiver of fees. Defendants respectfully refer the Court to the FOIA request dated May 13, 2015 for a true and complete statement of its contents. To the extent Plaintiffs' characterization of the FOIA request is inconsistent with the request itself, Defendants deny Plaintiffs' allegations in the first sentence and second sentence. The allegations in the third and fourth sentence constitute Plaintiffs' characterization of Defendants' responses to the FOIA request dated May 13, 2015 and legal conclusions. Defendants deny these allegations, and respectfully refer the Court to Defendants' answers to paragraphs 33-56 *infra*.

6.      The allegations in this paragraph are legal conclusions and Plaintiffs' request of relief, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

7.      The allegations in this paragraph consist of Plaintiffs' legal conclusions regarding jurisdiction and venue, and therefore no response is required.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9.

10.      Defendants admit that Defendant United States Department of Homeland Security is a department of the Executive Branch of the United States government. The remaining allegations set forth in paragraph 10 are conclusions of law to which no response is required.

11.      Defendants admit that Defendant United States Department of Justice is a department of the Executive Branch of the United States government. The remaining allegations set forth in paragraph 10 are conclusions of law to which no response is required.

12.     Defendants admit that Defendant Federal Bureau of Investigation is a component of the United States Department of Justice.  The remaining allegations set forth in paragraph 12 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

13.     Defendants admit that Defendant Office of Director of National Intelligence is a department of the Executive Branch of the United States government.  The remaining allegations set forth in paragraph 13 are conclusions of law to which no response is required.

14.     Defendants admit that United States Department of State is a department of the Executive Branch of the United States government.  The remaining allegations set forth in paragraph 14 are conclusions of law to which no response is required.

15.     Defendants admit that Defendant United States Department of Health and Human Services is a department of the Executive Branch of the United States government.  The remaining allegations set forth in paragraph 15 are conclusions of law to which no response is required.

16.     Defendants admit that Defendant United States Department of Education is a department of the Executive Branch of the United States government.  The remaining allegations set forth in paragraph 16 are conclusions of law to which no response is required.

17.     This paragraph fails to aver facts in support of any cause of action pled in the Complaint, and therefore requires no response.  To the extent a response is required, Defendants admit the first sentence in paragraph 17.  The remaining allegations of the paragraph quote and characterize President Obama's 2011 Strategic Implementation Plan for Empowering Local Partners to Prevent Violent Extremism in the United States.  Defendants respectfully refer the

Court to that document for a true and complete statement of its contents.  To the extent Plaintiffs' allegations are inconsistent with that document, those allegations are denied.

18.     This paragraph fails to aver facts in support of any cause of action pled in the Complaint, and therefore requires no response.  Defendants admit that the quoted remarks in the first sentence are contained in the cited September 15, 2014 press release.  To the extent Plaintiffs' characterize this press release, Defendants respectfully refer the Court to that press release for a true and complete statement of its contents.

19.     This paragraph fails to aver facts in support of any cause of action pled in the Complaint, and therefore requires no response.  Defendants admit that the quoted remarks are contained in the February 18, 2015 fact sheet from the White House, Office of the Press Secretary.  To the extent Plaintiffs characterize that fact sheet, Defendants respectfully refer the Court to that document for a true and complete statement of its contents.

20.     This paragraph fails to aver facts in support of any cause of action pled in the complaint, and therefore requires no response.

21.     This paragraph fails to aver facts in support of any cause of action pled in the Complaint, and therefore requires no response.  To the extent Plaintiffs characterize the September 29, 2015 press release, Defendants respectfully refer the Court to that document for a true and complete statement of its contents.

22.     This paragraph fails to aver facts in support of any cause of action pled in the Complaint, and therefore requires no response.  To the extent Plaintiffs characterize the September 28 press release, Defendants respectfully refer the Court to that document for a true and complete statement of its contents.

23.     This paragraph fails to aver facts in support of any cause of action pled in the Complaint, and therefore requires no response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

24.     This paragraph consists of Plaintiffs' characterization of the CVE initiative, which does not require a response.  The paragraph also requires no response because it fails to aver facts in support of any cause of action pled in the complaint.  To the extent a response is required, Defendants deny the allegations in this paragraph.

25.     This paragraph consists of Plaintiffs' characterization of the CVE initiative, which does not require a response.  This paragraph also requires no response because it fails to aver facts in support of any cause of action pled in the complaint.  To the extent a response is required, Defendants deny the allegations in this paragraph.

26.     This paragraph consists of Plaintiffs' characterization of unnamed studies and materials, which does not require a response.  This paragraph also requires no response because it fails to aver facts in support of any cause of action pled in the complaint.

27.     This paragraph consists of Plaintiffs' characterization of the CVE initiative, which does not require a response.  This paragraph also requires no response because it fails to aver facts in support of any cause of action pled in the complaint.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.     This paragraph contains Plaintiffs' characterization of the CVE initiative and Plaintiffs' legal conclusions, and therefore requires no response.  To the extent a response is required, Defendants deny these allegations.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegation that it sent its FOIA request on May 13, 2015.  Defendants admit that they received the FOIA request dated May 13, 2015.[3]  The Department of Homeland Security Privacy Office received the FOIA request on May 18, 2015.  The Office of Intelligence and Analysis at the Department of Homeland Security received the request May 22, 2015.  The Science & Technology Directorate at the Department of Homeland Security received the request on July 15, 2015.  The Federal Bureau of Investigation received the FOIA request on May 27, 2015.   The Office of the Director of National Intelligence received the FOIA request on May 15, 2015.  Department of Health and Human Services Office of the Secretary FOIA Office received the request on May 18, 2015.  Department of State received the FOIA request on May 15, 2015.  Department of Education received the FOIA request dated May 13, 2015 on May 22, 2015.[4]  Defendants respectfully refer the Court to the FOIA request dated May 13, 2015 for a true and complete statement of its contents.  To the extent Plaintiffs' characterization of the FOIA request is inconsistent with the request itself, Defendants deny the allegations in this paragraph.

31.     Defendants admit that the FOIA request dated May 13, 2015 sought expedited processing. Defendants respectfully refer the Court to the FOIA request dated May 13, 2015 for a true and complete statement of its contents.  To the extent Plaintiffs' allegations in this paragraph are inconsistent with that document, those allegations are denied.

---

[3] Defendant Department of Justice admits receiving the FOIA request only insofar as Defendant Federal Bureau of Investigation received the FOIA request.  Defendants respectfully refer the Court to paragraph 34 *infra* and aver that JMD/MRU, who Plaintiffs sent the request to on behalf of the Department of Justice, has no record of the request.

[4] As referenced *infra*, Defendant Department of Education received a second FOIA request dated October 15, 2015.  Defendant Department of Education received that request on October 16, 2015.

32.     Defendants admit that the FOIA request dated May 13, 2015 sought a waiver of fees.  Defendants respectfully refer the Court to the FOIA request dated May 13, 2015 for a true and complete statement of its contents.  To the extent Plaintiffs' allegations in this paragraph are inconsistent with that document, those allegations are denied.

33.     Defendants admit that three Department of Homeland Security offices responded to Plaintiffs' request.  Defendants hereby answer the lettered subparagraphs of paragraph 33 as follows:

a.  Admit in part.  Defendants admit that the May 26, 2015 letter denied Plaintiffs' fee waiver request.  Defendants respectfully refer the court to the May 26, 2015 letter for a true and complete statement of its contents.

b.  Deny.

c.  Admit.  Defendants respectfully refer the Court to the letter dated May 28, 2015 for a full and complete statement of its contents.

d.  Admit.  Defendants respectfully refer the Court to the letter dated July 24, 2015 for a full and complete statement of its contents.

e.  Admit.  Defendants respectfully refer the Court to the letter dated August 21, 2015 for a full and complete statement of its contents.

f.  Deny.  Defendants aver that the Department of Homeland Security Privacy Office exchanged correspondence with Plaintiffs regarding clarifying the scope of the request.  This correspondence includes, but is not limited to, a letter dated June 19, 2015 sent to Plaintiffs.  Defendants further aver that Plaintiffs once again appealed the Privacy Office's denial of its request for expedited processing in a letter dated October 15, 2015.  Defendants aver that

a letter dated January 11, 2016 affirmed the denial of the request for expedited processing.

g.   Defendants admit that the Science and Technology Office Directorate at the Department of Homeland Security denied the request for expedited processing and conditionally granted Plaintiffs' fee waiver request in a letter dated July 22, 2015.  Defendants respectfully refer the Court to that document for a true and complete statement of its contents.  To the extent Plaintiffs' allegations are inconsistent with the contents of that letter, Defendants deny Plaintiffs' allegations.

h.   Admit.  Defendants respectfully refer the Court to the letter dated August 20, 2015 for a true and complete statement of its contents.

i.   Admit. Defendants respectfully refer the Court to the letter dated October 15, 2015 for a true and complete statement of its contents.

j.   Deny. Defendants aver that the Department of Homeland Security Science and Technology Office Directorate's denial of expedited processing was upheld in a letter dated March 1, 2016.  Defendants respectfully refer the Court to that letter for a true and complete statement of its contents.

k.   Deny.  Defendants respectfully refer the Court to paragraph 33.j *supra* and to the March 1, 2016 letter for a true and complete statement of its contents. Defendants further aver that the Science and Technology Directorate at the Department of Homeland Security responded to Plaintiffs' FOIA request via a letter dated September 30, 2015.  Defendants respectfully refer the Court to that document for a true and complete statement of its contents. Defendants

further aver that Defendant Department of Homeland Security sent Plaintiffs a letter dated December 4, 2015 that acknowledged Plaintiffs' appeal of the response by the Science and Technology Directorate to the FOIA request.

34.     Deny.  The Federal Bureau of Investigation, a component of the Department of Justice, responded to the FOIA request.  Defendants aver that JMD/MRU, who Plaintiffs sent the request to on behalf of the Department of Justice, has no record of the request.

35.     Defendants admit that the FBI approved Plaintiffs' request for expedited processing in a letter dated June 17, 2015 and respectfully refer the Court to that letter for a true and complete statement of its content.   Defendants admit that the FBI sent Plaintiffs a second letter dated June 17, 2015 that stated "We are searching the indices to our Central Records System for the information responsive to this request.  We will inform you of the results in future correspondence."  Defendants aver that this letter further stated the "request for a fee waiver is being considered and you will be advised of the decision at a later date."  Defendants respectfully refer the Court to these two letters for a true and complete statement of their contents.  To the extent Plaintiffs' allegations are inconsistent with these letters, Defendants deny these allegations.

36.     Deny.

37.     Admit.

38.     Admit in part.  Defendants aver that the Office of the Director of National Intelligence ("ODNI") determined that the request was overly burdensome and did not reasonably describe the records sought.  As ODNI employee Sally Nicholson explained in a July 8, 2015 letter to the requester, "ODNI would have to conduct a search for every record in possession of the ODNI that contains the words 'CVE' or 'countering violent extremism', and

then search and review all those [records] located within the terms 'CVE' or 'countering violent extremism' just to compile responsive materials."  The July 8, 2015 letter also documented a June 18, 2015 conversation between Ms. Nicholson and the requester in which Ms. Nicholson asked the requester if he could narrow his request.  According to Ms. Nicholson, she and the requester discussed several ways in which the request could be narrowed or focused, and the requester indicated that he would consult his colleagues "and then get back to us."  On July 22, 2015 ODNI received an email containing a letter from the requester.  In the letter the requester indicated that it was his understanding that "your office would provide us a specific proposal for narrowing the Request."  The requester also included with this letter an appeal of the denial of expedited processing.

39.     Admit.

40.     Deny.

41.     Admit.  Defendants respectfully refer the Court to the May 21, 2015 letter for a true and complete statement of its contents.

42.     Deny.

43.     Deny.

44.     Defendants admit that the Department of Health and Human Services sent a letter dated May 18, 2015 that acknowledged receipt of Plaintiffs' FOIA request dated May 13, 2015. Defendants admit that the letter dated May 18, 2015 did not grant or deny Plaintiffs' expedited processing and fee waiver requests.  Defendants respectfully refer the Court to the May 18, 2015 letter for a true and complete statement of its contents.

45.     Defendants admit that the Department of Health and Human Services sent Plaintiffs a letter dated July 20, 2015 that stated "This is a final response to your May 13, 2015,

11

Freedom of Information Act (FOIA) request." Defendants further admit that this letter stated

that the "The Immediate Office of the Secretary (IOS) conducted a search for responsive records

and located (9) nine pages." Defendants admit that the nine pages were released in their entirety.

Defendants admit that the letter stated "Please be advised that we have also referred your request

to the HHS, Administration for Children and Families (ACF) for direct response to you."

Defendants respectfully refer the Court to the July 20, 2015 letter for a true and complete

statement of its contents. To the extent Plaintiffs' allegations are inconsistent with that letter,

those allegations are denied.

  46. Defendants admit that Plaintiffs sent a letter dated August 18, 2015 appealing the

sufficiency of the search conducted by the Immediate Office of the Secretary within the

Department of Health and Human Services. Defendants respectfully refer the Court to the letter

dated August 18, 2015 for a true and complete statement of its contents.

  47. Defendants admit that the Department of Health and Human Services sent

Plaintiffs a letter dated August 19, 2015 that acknowledged receiving Plaintiffs' appeal.

Defendants respectfully refer the Court to that document for a true and complete statement of its

contents.

  48. Deny.

  49. Defendants admit that Department of Education sent Plaintiffs a letter dated June

16, 2015 that denied Plaintiffs' request for expedited processing. Defendants respectfully refer

the Court to that June 16, 2015 letter for a true and complete statement of its contents.

Defendants admit that it sent Plaintiffs a second letter dated June 16, 2015 that granted Plaintiffs'

request for a fee waiver. Defendants respectfully refer the court to that June 16, 2015 letter for a

true and complete statement of its contents.  To the extent Plaintiffs' allegations are inconsistent with these two letters, Defendants deny Plaintiffs' allegations.

50.    Deny.

51.    Admit.  Defendants respectfully refer the Court to the letter dated July 24, 2015 for a true and complete statement of its contents.

52.    This paragraph consists of Plaintiffs' characterization of a FOIA request dated October 15, 2015.  Defendants admit that Defendant Department of Education received a FOIA request dated October 15, 2015.  Defendants respectfully refer the Court to that request for a true and complete statement of its contents.  To the extent Plaintiffs' allegations are inconsistent with this FOIA request, Defendants deny these allegations.

53.    Defendants admit the first sentence and respectfully refer the Court to the letter dated November 2, 2015 for a true and complete statement of its contents.  With respect to the second sentence, Defendants admit that the Defendant Department of Education denied Plaintiffs' request for expedited processing in a letter dated December 1, 2015, and respectfully refer the Court to that document for a true and complete statement of its contents.  Defendants deny Plaintiffs' allegations in the second sentence to the extent that they are inconsistent with that letter.   With respect to the third sentence, Defendants admit that Defendant Department of Education granted Plaintiffs' request for a fee waiver in a letter dated December 1, 2015, and respectfully refer the Court to that document for a true and complete statement of its contents.

54.    Deny.  Defendants aver that Defendant Department of Education received a letter dated December 16, 2015 that appealed the denial of expedited processing for the FOIA request dated October 15, 2015.  Defendants respectfully refer the Court to that document for a true and complete statement of its contents.

55.     Admit.  Defendants respectfully refer the Court to the letter dated December 18, 2015 for a true and complete statement of its contents.

56.     Deny.

57.     The allegations in paragraph 57 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

58.     The allegations in paragraph 58 are conclusions of law to which no response is required.

59.     The allegations in paragraph 59 are conclusions of law to which no response is required.

60.     The allegations in paragraph 60 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

61.     The allegations in paragraph 61 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

62.     The allegations in paragraph 62 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

63.     The allegations in paragraph 63 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

64. The allegations in paragraph 64 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations.

65. The allegations in paragraph 65 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

66. The allegations in paragraph 66 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

67. The allegations in paragraph 67 are conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations.

68. The allegations in paragraph 68 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

69. The allegations in paragraph 69 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

70. The allegations in paragraph 70 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

71. The allegations in paragraph 71 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

72. The allegations in paragraph 72 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

73. The allegations in paragraph 73 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

The remaining unnumbered paragraph constitutes a prayer for relief to which no answer is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

Defendants hereby deny all allegations in Plaintiffs' Complaint not expressly admitted or denied.

### DEFENSES

1.      The Federal Bureau of Investigation is not an "agency" within the meaning of the Freedom of Information Act, 5 U.S.C. 552 § (f)(1), and is, therefore, not a proper party defendant.

2.      Plaintiffs' failure to exhaust administrative remedies with respect to one or more of their claims precludes judicial review over those claims.

3.      Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions of the Freedom of Information Act, 5 U.S.C. § 552.

4.      Defendants have exercised due diligence in processing Plaintiffs' FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to continue their processing of the FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

5.      Plaintiffs request was an improper request under the Freedom of Information Act, 5 U.S.C. § 552.

WHEREFORE, having fully answered, Defendants pray that:

1.      This Court enter judgment for Defendants and dismiss this action with prejudice; and

2.      Defendants be granted such further relief as the Court may deem just and proper.

Dated: March 17, 2016            Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director, Federal Programs Branch

/s/ Kevin M. Snell
KEVIN M. SNELL (N.Y. Bar)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W., Room 6108
Washington, D.C.  20530
Tel.: (202) 305-0924
Fax: (202) 616-8470
E-mail:  Kevin.Snell@usdoj.gov

*Attorneys for Defendants*